### ED. STEVES & SONS v. PYRON. (No. 7819.)

Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1927.

Continuance ⬦⇒29—Denying plaintiff's application for continuance where sworn answer setting up defense was filed 15 minutes before trial held reversible error (Rev. St. 1925, art. 3736).

Where, in a suit upon an open account, plaintiff's properly verified account had been on file for almost 12 months before the trial day, during which time the defendant rested upon a general demurrer and an unverified general denial, then 15 minutes before trial filed a sworn answer setting up a defense, held, because of Rev. St. 1925, art. 3736 relative to the filing of counter affidavits, that the court committed reversible error in denying plaintiff's application for a continuance.

Appeal from Kendall County Court; J. A. Phillip, Judge.

Suit by Ed. Steves & Sons against Mrs. Grace L. Pyron. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellants.

W. C. Linden, of San Antonio, for appellee.

SMITH, J. This suit is upon an open account, properly verified, and met by a sworn answer setting up a defense which, in effect, asserts that the articles covered by the account were never furnished to defendant or any other person at her request; that she never authorized any other person to purchase same for her; that she never had any knowledge that the goods were being charged to her account; and that she had never in any manner obligated herself to pay for same.

The suit was originally brought in Bexar county, on March 17, 1926, was transferred on plea of privilege to Kendall county, where the record was filed on October 7, 1926. The cause was set down for trial in Kendall county, on February 7, 1927, and 15 minutes before it was actually called for trial on that day the defendant, for the first time, filed her verified answer to the sworn account. What then transpired is succinctly stated in the bill of exception setting forth the transaction:

"The court called this case for trial, whereupon plaintiff's attorneys announced ready, and thereupon defendant's attorneys asked leave of the court to file an amended answer purporting to be a denial, under oath, of the verified account upon which plaintiff's cause of action is founded; the court having granted the defendant leave to file such amended answer, of which defendant's counsel then and there stated he had given notice to plaintiffs' counsel 15 minutes before court convened, but without actually showing such answer to plaintiff's counsel, and, at the time of giving such notice, plaintiff's counsel was engaged in consultation with the principal witness expected to be used by plaintiffs, which consultation continued until court convened. With these facts before it, the court thereupon granted leave to defendant to file such amended answer on the day of the trial, no written denial, under oath, having theretofore been filed the only answer having been a general demurrer and general denial; the plaintiffs asked leave to examine such amended answer and thereupon filed their formal motion to continue this cause to the next term of court, claiming to be entitled to such continuance under that part of article 3736 of the Revised Civil Statutes of Texas of 1925, reading as follows: '* * * Provided, that when such counter affidavit shall be filed on the day of the trial, the party claiming under such verified account shall have the right to continue such cause until the next term of court.'"

The court overruled the application for continuance, and the trial proceeded, with judgment against the plaintiffs below, who have appealed. No brief in behalf of appellee appears to have been filed in the appeal.

We conclude that under the facts stated in the bill of exceptions appellants were clearly entitled to the continuance vouchsafed in article 3736, and that the court erred in overruling the application. Appellants' verified account had been on file for nearly twelve months, during which appellee was content to rest upon a general demurrer and general denial, unverified. The fact that she filed a verified answer 15 minutes before the case was called for trial, without leave of the court and at a time when appellants' counsel was engaged in interviewing a witness and had no opportunity to examine the answer, did not preclude appellants from availing themselves of the statute when the court formally granted leave for the filing and appellants' counsel had utilized his first opportunity to examine the pleading. The subsequent course of the trial emphasized the injustice of the ruling.

The question is presented of the sufficiency of appellee's verified answer to destroy the prima facie effect of the verified account, but this question will no doubt be obviated upon another trial, and need not be determined here.

Because of the error in denying appellants' application for continuance, the judgment must be reversed and the cause remanded.